KELLY v. KENNEMORE.  ·

BARR v. KENNEMORE.

CLAIM AND DELIVERY—SUMMONS—MONEY DEMAND—TRIAL.—In a suit in claim and delivery, where the value of the property sued for amounts to more than $25, trial day must be set not more than twenty days from service of summons—*Code*, 71, *sub*. 12—and the fact that the summons contains "or in case the return cannot be had, for the sum of $40, the value thereof," does not change a claim and delivery suit to a money demand.

Before BENET, J., Pickens, September, 1895. Reversed.

Two actions, one by Lowell K. Kelly against George E. Kennemore, and the other by George S. Barr against same defendant, both in claim and delivery in trial justice court,

for one mule. Judgment for plaintiffs. Defendant appealed to Circuit Court, which reversed judgment below. Plaintiffs appeal to this Court.

*Mr. J. P. Carey*, for appellant, cites: Code, 88, sub. 16; 43 S. C., 173; Code, 71, sub. 12; 29 S. C., 31.

*Mr. Julius E. Boggs*, contra, cites: Code, 71, sub. 12; 15 S. C., 490; 29 S. C., 33; 43 S. C., 175; 18 S. C., 386; 28 S. C., Benson v. Carrier; 31 S. C., Cummings v. Wingo; 46 S. C., Rosamond v. Earl.

July 20, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. In the first entitled action, which was commenced in a trial justice court, for the county of Pickens, in this State, for claim and delivery of a certain mule, named or called "Lidie," and in which the plaintiff, Lowell K. Kelly, complied with all the requirements of the law as to giving a bond, making affidavit, &c., the trial justice issued his summons, as required by subdivision 12 of section 71 of our Code of Civil Procedure, fixing the trial on the 14th day of February, 1895, just nineteen days after date of summons. At the time of trial defendant appeared and raised the question of jurisdiction, but answered to the merits. The trial justice overruled the objection to the jurisdiction, and, after a trial had, rendered his judgment in favor of plaintiff in the form required in such cases; whereupon defendant appealed to the Circuit Court on the single ground that the trial justice erred in holding that he had jurisdiction under his summons. Judge Benet, who heard the appeal in the Circuit Court, reversed the judgment. From this judgment the plaintiff has appealed to this Court on grounds that impute error to the Circuit Judge in his adjudging the trial justice as wanting in jurisdiction. There was another case heard at the same time with the first case, which counsel for respondent admits misled the Circuit Judge. With great propriety, respondent's attorney, in his argument, admits that the Circuit Judge was in error in the

first case (that we are now considering). His language in this connection is: "The two cases were heard together, and the appeal to the Circuit Court raised the same objection to the summons in each case. The fact that they are different, passed unnoticed by the counsel on both sides. A careful examination showed that the objection urged before the trial justice and on the circuit to the summons in the case of Barr *v.* Kennemore (the second entitled action), does not apply to the other case (Kelly *v.* Kennemore). It is due to the Circuit Judge to state that his attention was not called to this fact, as it was overlooked until the preparation of the appeal to this Court. So the case of Kelly *v.* Kennemore is not considered in the argument here." It follows, therefore, that the judgment of the Circuit Court must be reversed in the first case, to wit: that of Kelly *v.* Kennemore.

It remains for us now to consider the second case—that of Barr *v.* Kennemore. This, too, was an action for "claim and delivery of a mule, named or called 'Jack.'" The plaintiff executed the bond required by statute and made the necessary affidavit. Both were served upon the defendant by the constable when he served him with the summons and complaint. The summons in this case differed from that in the first case (Kelly *v.* Kennemore) in these particulars, and to make the points of difference between the two cases manifest, we will italicise such differences: "Complaint having been made unto me by the plaintiff, George S. Barr, that you are in unlawful possession of a certain *black horse* mule, named Jack, and that you wrongfully detain the same from him after demand, a description of said mule having been set out in the affidavit and complaint hereto attached. This is, therefore, to require you to appear before me in my office in Pickens County, at Easley, South Carolina, on the 15th day of February, 1895, at 11 o'clock A. M., to answer to the said complaint, or judgment will be given against you for the return of the said mule, *or, in case the return cannot be had, for the sum of $40, the value thereof,* and the costs of this action." The respondent here attacks

the summons as not in conformity to the statute governing, as he alleges, the form of a summons in a trial justice court, to wit: as required by section 88, subdivision 16: "Where twenty-five or more dollars is demanded, the complaint shall be served on the defendant twenty days, and where less than that sum is demanded, five days, before the day therein fixed for trial." * * * In the case now at bar, the respondent claims that the summons and complaint fixed the day of trial at less than twenty days from the day fixed for trial, and that he, having interposed such defense, was entitled to have a judgment denying jurisdiction in the trial justice. After careful consideration of this matter, we cannot agree with the Circuit Judge when he sustained this contention on the part of the respondent at this bar. Section 71 of our Code of Procedure expressly authorizes, in subdivision 11 thereof, a trial justice to exercise civil jurisdiction in "an action to recover possession of personal property claimed, that the value of which, as stated in the affidavit of the plaintiff, his agent or attorney, shall not exceed the sum of $100;" and in subdivision 12 of the same section, amongst other things, provides: "* * * and the said trial justice shall at the same time" (that is, at the time the constable seizes the property and delivers to the defendant a copy of the bond, affidavit, and complaint,) "issue a summons, with a copy of the undertaking, directed to the defendant, and requiring him to appear before said trial justice, *at a time and place to be therein specified, and not more than twenty days from the date thereof,* to answer the complaint of said plaintiff; and the said summons shall contain a notice to the defendant, that in case he shall fail to appear at the time and place therein mentioned, the plaintiff will have judgment for the possession of the property described in said affidavit, with the costs and disbursements of the action" (italics ours). Now, this action is, in form and substance, an action for the recovery of specific personal property, known as "claim and delivery," whose value is less than $100, to wit: $40. Every incident in connec-

tion with the papers prepared and served disclosed this fact to the defendant. Will the mere fact that, in addition to the statutory requirements as to the summons (and, we may add, every one of which has been scrupulously complied with by the plaintiff) to be issued by the trial justice, who also complied with every of such requirements, there was inserted in such summons a notice that, in the event the property could not, from any cause, be returned to the plaintiff, a judgment for its value would be given, convert this action into one for money? We do not think so. We think the judgment of the trial justice would have to be, in case the property sued for could not be returned, for the value of such property, provided it did not exceed $100. Besides, subdivision 15 of section 88 provides: "The provisions of this Code of Procedure, respecting *forms of actions*, parties to actions, the rules of evidence, the times of commencing actions, * * * shall apply to these courts" (italics ours). It follows, therefore, as before stated, that we cannot agree with the Circuit Judge in reversing the judgment of the trial justice for want of jurisdiction in the second case above entitled.

It is the judgment of this Court, that the judgment of the Circuit Court in each of the two above entitled actions be reversed, and that each of said causes be remanded to the Circuit Court, to dismiss the appeal in each one from the judgment of the trial justice, in each one in favor of the plaintiff.

MR. CHIEF JUSTICE MCIVER, *concurring*. These two cases were both actions for claim and delivery of personal property—in each case a mule—and the difference between the two cases was this: In the case first stated, there was no allegation as to the value of the mule sued for, though it was admitted, on the argument here, that such value exceeded the sum of $25; but, in the second case, the allegation was that the mule sued for was of the value of $40, and judgment was demanded for that sum in case a deliv-

ery of the mule could not be had.   This difference, under
the view which I take of the question presented for deci-
sion, is immaterial, and, hence, what few remarks I shall
make will apply to both cases.   The question presented, as
I understand it, is, whether the trial justice had jurisdic-
tion of the cases.   The denial of such jurisdiction seems
to be based solely upon the grounds: that neither of the
defendants had received such notice of the time of trial as
is required by statute.   There are two separate and distinct
provisions in the Code upon the subject; one found in sub-
division 12, of section 71, manifestly applicable to actions
of claim and delivery only, and the other in subdivision 16,
of section 88, of the Code, which seems to be applicable to
actions for the recovery of money.   In the former the pro-
vision is that, the trial justice shall issue a summons,
directed to the defendant, "requiring him to appear before
said trial justice, at a time and place to be therein specified,
and not more than twenty days from the date thereof, to
answer the complaint of said plaintiff."   But, in the other
section of the Code above referred to, as amended by the
act of 22d December, 1891, 20 Stat., 1113 (which amend-
ment does not seem to have been incorporated in the
Revised Code of 1893), the provision is as follows: "When
twenty-five or more dollars is demanded, the complaint shall
be served on the defendant not less than twenty days, and
where less than that sum is demanded, not less than five
days before the day therein fixed for trial."   So that, in
actions in a trial justice court, for claim and delivery of
personal property, the Code requires that the time speci-
fied in the summons for trial shall be "not more than
twenty days from the date thereof"—the summons; while
in actions for the recovery of money in a trial justice court,
"where $25 or more is demanded," the requirement is that,
"the complaint shall be served on the defendant not less
than twenty days * * * before the day therein fixed for
trial."   If, therefore, these actions should be regarded as
actions for claim and delivery, as I think they must be,

then the requirement of the statute has been complied with, if the day fixed for trial was "not more than twenty days" from the date of the summons, and the jurisdictional objection is without foundation. Now, in the first case, the date of the summons, as it appears in the "Case," was the 26th day of *February*, 1895, which it was conceeded at the hearing was a misprint, January being the true date, and the day fixed for the trial was the 14th of February, 1895, which was clearly within the twenty days limit; and, in the second case, the date of the summons, as it appears in the "Case," was 28th of January, 1895, and the day fixed for the trial of that case was the 15th of February, 1895, which was likewise clearly within the twenty days limit. None of the cases which have been cited have any application to the question presented here. In *Simmons* v. *Cochran*, 29 S. C., 31, the time fixed for the trial exceeded the twenty days limit, and, hence, the statutory requirement not having been complied with, it was properly held that the trial justice had no jurisdiction. In *Adkins* v. *Moore*, 43 S. C., 173, the action was *not* for claim and delivery, but for the recovery of money, and, hence, it was very properly held by Mr. Justice Gary that the defendant not having received the notice as required by the statute, the full twenty days, the trial justice had no jurisdiction. In *Rosamond* v. *Earle*, 46 S. C., 9, the Court held that the defendant, having voluntarily appeared and pleaded to the merits, had waived any objection as to due notice of the trial. For these reasons, I think the judgment of the Circuit Court, in both of the cases stated in the title, should be reversed, and the cases should be remanded to the Circuit Court, with instructions to affirm the judgment of the trial justice in each case, inasmuch as the other grounds of appeal from the judgment of the trial justice appear to have been abandoned at the hearing before the Circuit Court.

MR. JUSTICE GARY did not sit in this case.